UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE TENNEY,<br><br>        Plaintiff,<br><br>  v.<br><br>CHASE FIRE PRODUCTS, INC.<br>and JOHN/JANE DOES 1-10,<br><br>        Defendants. | Case No.: CV-18-3272<br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

  Plaintiff George Tenney ("Plaintiff" or "Mr. Tenney"), by and through his attorneys of record, as and for its complaint ("Complaint") against Defendants Chase Fire Products, Inc. ("Defendant Chase") and John/Jane Does 1-10 ("Doe Defendants") ("Defendant Chase" and "Defendant Does" collectively hereinafter referred to as the "Defendants"), alleges upon information and belief as follows:

**PRELIMINARY STATEMENT**

  1. This action is being commenced by the Plaintiff under the United State Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*

  2. Plaintiff is an acclaimed photographer who produces and licenses his copyrighted photographs to various national consumers. He has discovered that the Defendants, without his consent, authorization or permission are consistently using one of his original, copyright-protected works (defined *infra*) on their commercial websites to market their business.

  3. As of the date of this complaint, Defendants continue to use and distribute the Plaintiff's copyright work on their websites.

  4. Plaintiff, in order to protect his copyrighted materials and his livelihood, is seeking injunctive relief to stop the Defendants from using his protected work product, and damages against the Defendants.

## JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.* as this action is for damages and preliminary and permanent injunctive relief arising from Defendants' copyright infringements in violation of 17 U.S.C § 101 *et seq.* This Court has federal question jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

## VENUE

6. Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(1) and (c)(2), and 28 U.S.C. § 1400(a), as upon information and belief Defendant Chase's principal place of business is located in the State of New York and Defendant Chase is subject to personal jurisdiction in the Eastern District.

## THE PARTIES

7. At all times relevant herein, Plaintiff is an individual residing in the State of Arizona, with an address in Tempe, Arizona. Mr. Tenney is an acclaimed photographer specializing in generating brand awareness through specialized photography. Mr. Tenney's photographs are copyrighted images.

8. Plaintiff operates the website www.georgetenney.com and regularly sells and/or licenses his copyrighted images. Plaintiff works vigorously to protect his copyrighted images.

9. Upon information and belief and at all times hereinafter mentioned, Defendant Chase is a business with its principal place of business at 10-46 47th Avenue, Long Island City, New York 11101, within Queens County and within this judicial district.

10. Upon information and belief and at all times hereinafter mentioned, Defendant Chase owns and uses the websites www.chasefire.com and www.extinguishermart.com (the "Websites") to advertise, market, and promote its fire extinguisher sales and servicing business, in order to generate and maintain business and profit.

11. Plaintiff does not presently know the true names and capacities of the Defendants named as John/Jane Does 1 through 10 and therefore sues such Defendants by these fictitious

names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known Defendant, or through entering into a conspiracy and agreement with the known Defendant to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of the Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe Defendants and the known Defendant are referred to collectively as "Defendants."

12. Upon information and belief and at all times hereinafter mentioned, Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other Defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefore. Upon information and belief, at some unknown time, the Defendants or some of them entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein; the actions described below were taken in furtherance of such conspiracy; and Defendants aided and abetted each other in the wrongful acts alleged herein. Upon information and belief and at all times hereinafter mentioned, each of the Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

13. Plaintiff incorporates by reference each allegation contained in the paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. Plaintiff is an acclaimed photographer, and produced the photographic work at issue in this case (the "Photograph"). A copy of the Photograph is annexed hereto as Exhibit A. The Photograph is the original work of the Plaintiff.

15. Plaintiff submitted to the United State Copyright Office an application to obtain copyright registration for the Photograph on or about January 17, 2014.

16. The United State Copyright Office issued to Plaintiff a Certificate of Registration (Registration Number VA0001896635) with an effective date of January 17, 2014 (the

"Copyright"). A copy of Copyright is annexed hereto as Exhibit B.

17. The Photograph is an original work entitled to copyright protection pursuant to the copyright laws of the United States and was duly registered with the United States Copyright Office under Registration Number VA0001896635.

18. As the sole owner of the copyrighted Photograph, Mr. Tenney holds the exclusive rights to reproduce, publicly distribute, and display the Photograph pursuant to 17 U.S.C. §§ 106 and 501.

19. The Photograph was not a "work for hire."

20. Plaintiff has incurred substantial time and expense in creating the Photograph.

21. Upon information and belief and at all times hereinafter mentioned, the Defendants, including Chase Fire Products, Inc., own, manage and control the commercial Websites, as described above.

22. Within the last three years, Plaintiff discovered that Defendants have unlawfully copied, displayed, and distributed his registered Photograph without a license or consent on Defendant Chase's commercial Websites and potentially other locations to advertise, market, and promote their services.

23. Plaintiff is informed and believes that Defendants, within the last three (3) years infringed the Photograph including by and without authorization or permission from Plaintiff, unlawfully copied/reproduced, uploaded/downloaded or caused to be uploaded/downloaded, publicly displayed and distributed the Photograph to a global audience on the World Wide Web via the Websites on at least the following URL/links:

(1) https://extinguishermart.com/product-category/fire-extinguishers/?v=7516fd43adaa

(2) https://chasefire.com/products-services/fire-extinguishers/

(3) https://extinguishermart.com/wp-content/uploads/2017/05/fire-extinguisher-lineup.jpg

(4) https://chasefire.com/wp-content/uploads/2015/11/fire-extinguisher-lineup.jpg

4

24. Upon information and belief, Defendants commenced use of the Photograph after the Photograph had been registered with the United States Copyright Office.

25. At all relevant times, Defendants did not have a license or permission to use, display, distribute, copy, and/or reproduce the Photograph.

26. Upon information and belief, Defendants copied/reproduced, uploaded/downloaded or caused to be uploaded/downloaded, publicly displayed and distributed the Photograph with actual and/or constructive knowledge, that they did not have consent and/or a license to use the Photograph in the manner in which it was used in willful violation of Plaintiff's copyrights.

27. Upon information and belief, Defendants' unlawful copying/reproduction, uploading/downloading or causing to be uploaded/downloaded, public display and distribution of the Photograph to a global audience on the World Wide Web via the Websites constitutes direct copyright infringement.

28. Upon information and belief, Defendant Chase and the Doe Defendants had the capacity and opportunity to control the images copied/reproduced, uploaded/downloaded, publicly displayed, and distributed on the Websites and continue to have such capacity.

29. Upon information and belief, Defendant Chase and the other Doe Defendants are the dominant influence on the activities of Defendants; that it has the power to control their actions, engaged in the infringing activities herein, determined the policies which resulted in the infringement and otherwise acted, consented, directed or ratified the infringing activity. Upon information and belief, Defendant Chase obtained profit from its infringing activities alleged herein and/or attempted to derive a profit and direct financial benefit.

30. Upon information and belief, the Photograph was used by Defendants knowingly and recklessly in violation of Plaintiff's rights without obtaining a license or consent from Plaintiff and thereby violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. § 106 and § 501.

31. Upon information and belief, Defendants have the right and ability to control,

supervise, monitor and direct the Websites and the infringing activity that occurred.

32.     Upon information and belief, Defendants blocked from their Websites the intellectual property address of Plaintiff's attorneys, rendering Plaintiff unable to access the Websites and thereby preventing Plaintiffs from investigating Defendants' infringement of Plaintiff's copyrighted work, now or in the future.

33.     Defendants' unlawful use of copies of Plaintiff's original photographic work has diminished the value of the original photographic work by distributing and encouraging redistribution of the photographic work without identifying the photographic work as being the exclusive property of Plaintiff.

34.     Defendants' unlawful acts have been and are interfering with and undermining Plaintiff's ability to market Plaintiff's own original photographic work, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic work.

## AS AND FOR A FIRST CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. §§ 106 and 501
### (Against All Defendants)

35.     Plaintiff incorporates by reference each allegation contained in the paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36.     Plaintiff is the owner of the Photograph, an original work of authorship, as outlined in Exhibit B.

37.     Plaintiff registered the Photograph with the United States Copyright Office with an effective date of registration of January 17, 2014. As a result of such registration, Plaintiff owns all rights, titles, and interests in and to the copyright for the Photograph, the use of which has not been licensed to Defendants.

38.     Under Section 106 of the Copyright Act of 1976, 17 U.S.C. section 101 et seq. and 501 et seq. (the "Copyright Act"), Plaintiff has the distinct, severable, and exclusive rights, inter alia, to reproduce, distribute and publicly display the Photograph.

39.     At such time after the Copyright was registered with the United States Copyright

Office, Defendants misappropriated Plaintiff's copyrights in the Photograph through the copying/reproducing, uploading/downloading or causing to be uploaded/downloaded, display, publication, and/or distribution of the image on their commercial Websites.

40. By the actions alleged above, Defendants unlawfully reproduced the Photograph when they copied/reproduced, uploaded/downloaded, or caused to be uploaded/downloaded, displayed, published, and/or distributed the image on their commercial Websites.

41. Upon information and belief, Defendants misappropriated Plaintiff's copyrights in the Photograph with actual and/or constructive knowledge that the Photograph at issue did not belong to Defendants; Defendants thereby willfully engaged in unauthorized use, copyright, distribution, and/or display of Plaintiff's copyrighted Photograph.

42. Each violation of each Plaintiff's rights in the copyrighted Photograph constitutes a separate and distinct act of copyright infringement.

43. Defendants' exploitation of the protected Photograph was made without authorization, consent or permission from Plaintiff and constitutes infringement of Plaintiff's Copyright of the Photograph.

44. Defendants' conduct alleged above constitutes willful direct infringement of Plaintiff's copyrights and exclusive rights to reproduce, redistribute, perform the copyrighted works, display the copyrighted works under copyright in the Photograph in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. §§ 106 et seq. and 501 et seq.).

45. As a direct and proximate result of Defendants' infringements, Plaintiff was damaged and is entitled to recover from Defendants the damages pursuant to 17 U.S.C. § 504(b), including attorney's fees pursuant to 17 U.S.C. § 505, he has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement alleged above.

46. Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

47. At present, the amount of damages, gains, profits and advantages cannot be fully

ascertained by Plaintiff, but will be established according to proof at trial.

48. In the alternative, Plaintiff seeks to recover statutory damages for Defendants' infringement of his copyrights of up to $150,000.00 per infringement, pursuant to 17 U.S.C. § 504(c).

49. Pursuant to 17 U.S.C. § 502, Plaintiff is also entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

## AS AND FOR A SECOND CAUSE OF ACTION
## SECONDARY COPYRIGHT INFRINGEMENT
*(Vicarious Infringement)*
**(Against All Defendants)**

50. Plaintiff incorporates by reference each allegation contained in the paragraphs 1 through 49 of this Complaint as if fully set forth herein

51. Defendants' conduct also constitutes vicarious infringement in that Defendants owned, directed and managed the Websites and/or the other Defendants' activities and profited or attempted to derive a direct financial benefit from such.

52. Defendants have had the right and ability to control and/or supervise the infringing conduct of the Websites' users and have had a direct financial interest in, and derived substantial financial benefit from the infringements of Plaintiff's copyrighted Photograph.

53. Defendants exhibit their ability to control activity on their Websites as they are the owners of such Websites and continue to update the content of such Websites.

54. Defendants have derived direct and substantial benefit from infringement by using Plaintiff's copyrighted Photograph to help market and sell fire extinguishers and inspection services through their Websites.

55. Defendants, by their unauthorized appropriation and use of Plaintiff's original Photograph, have been and are engaging in acts of unfair competition, unlawful appropriation,

unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's goodwill and the public acceptance of Plaintiff's original Photograph.

56. Each violation of each Plaintiff's rights in the copyrighted Photograph constitutes a separate and distinct act of copyright infringement.

57. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages.

58. As a direct and proximate result of Defendants' infringements, Plaintiff was damaged and is entitled to relief, including but not limited to damages, including attorney's fees he has and will sustain, pre-judgment interest, and any gains, profits and advantages obtained by Defendants as a result of the infringing acts alleged above. Plaintiff is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Defendants' acts of copyright infringement, but such damages will be established according to proof at trial.

59. In the alternative, Plaintiff seeks to recover statutory damages for the infringement of his copyrights alleged herein of up to $150,000.00 per infringement, pursuant to 17 U.S.C. § 504(c).

60. Because Defendants used Plaintiff's copyrighted Photograph without a license, infringing the exclusive rights of Plaintiff as the copyright owner, Plaintiff is entitled to have the infringing publication and any improperly acquired likeness or images (however stored or recorded) impounded while this action is pending.

61. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law pursuant to 17 U.S.C. § 502.

**WHEREFORE**, Plaintiff prays for judgment against Defendants and each of them as follows:

a. On Plaintiff's First Cause of Action, a judgment and order granting preliminary and permanent injunctive relief enjoining Defendants and all other persons who are in active

concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted Photograph, including but not limited to:

      (1)    enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement, of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and

      (2)    the seizure of all property made in, or used to assist in, the violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. § 503, including, but not limited to, all copies of the Photograph, all domains, Internet Protocol (IP) addresses, and all servers and other computer equipment used to publish, broadcast or archive the Photograph;

b.    On Plaintiff's First Cause of Action, a judgment and order declaring Defendants' actions and inactions as outlined herein amount to copyright infringement under 17 U.S.C. § 106 and 501, entitling Plaintiff to an award of his actual damages, including but not limited to any prejudgment interest and attorneys' fees and costs;

c.    On Plaintiff's First Cause of Action, a judgment and order declaring Defendants' actions and inactions as outlined herein amount to copyright infringement under 17 U.S.C. § 106 and 501, entitling Plaintiff to an award of his maximum statutory damages pursuant to Section 17 U.S.C. § 504(c), any prejudgment interest and attorneys' fees and costs;

d.    On Plaintiff's Second Cause of Action, a judgment and order granting preliminary and permanent injunctive relief enjoining Defendants and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted Photograph, including but not limited to:

      (1)    enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the

      infringement, of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and

  (2) the seizure of all property made in, or used to assist in, the violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. § 503, including, but not limited to, all copies of the Photograph, all domains, Internet Protocol (IP) addresses, and all servers and other computer equipment used to publish, broadcast or archive the Photograph;

 e. On Plaintiff's Second Cause of Action, a judgment and order declaring Defendants' actions and inactions as outlined herein amount to copyright infringement under 17 U.S.C. § 106 and 501, entitling Plaintiff to an award of his actual damages, including but not limited to any prejudgment interest and attorneys' fees and costs;

 f. On Plaintiff's Second Cause of Action, a judgment and order declaring Defendants' actions and inactions as outlined herein amount to copyright infringement under 17 U.S.C. § 106 and 501, entitling Plaintiff to an award of his maximum statutory damages pursuant to Section 17 U.S.C. § 504(c), any prejudgment interest and attorneys' fees and costs;

 g. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct;

 h. For such other and further relief as this Court deems just and appropriate.

Dated: June 4, 2018

              **KISHNER MILLER HIMES, P.C.**
              *Attorneys for Plaintiff*

            By: /s/ Ryan O. Miller
              Ryan O. Miller, Esq.
              420 Lexington Avenue, Suite 300
              New York, New York 10170
              (212) 585-3425

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of any and all issues triable with right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:

                                           **KISHNER MILLER HIMES, P.C.**
                                           *Attorneys for Plaintiff*

                                        By: __/s/ Ryan O. Miller_____
                                           Ryan O. Miller, Esq.
                                           420 Lexington Avenue, Suite 300
                                           New York, New York 10170
                                           (212) 585-3425

TO:     **CHASE FIRE PRODUCTS INC.**
           10-46 47th Avenue
           Long Island City, New York 11101